UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BISHAR AHMED A.,

Petitioner,

v.

PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, *Director of Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD; *Director of the Fort Snelling Field Office of Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-197 (LMP/EMB)

**ORDER**

---

Maria Miller, **Martin Law, Bloomington, MN**, for Petitioner.

Julie Le, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Bishar Ahmed A. is a native and citizen of Ethiopia who entered the United States without inspection in October 2024. *See* ECF No. 1 ¶¶ 31–32. Bishar Ahmed A. was arrested by immigration officials on January 12, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 36–38. Bishar Ahmed A. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which

mandates his detention, *see id.* ¶ 38, but that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and instead is entitled to a bond hearing under 8 U.S.C. § 1226(a), *see id.* ¶ 74.

Bishar Ahmed A. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond. *See generally* ECF No. 1. This Court has already concluded that similarly situated noncitizens are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025).

The Court ordered the Government to answer the petition no later than January 16, 2026. ECF No. 3. The Government timely responded, agreeing with Bishar Ahmed A. that his case is not legally or factually distinguishable from those this Court has already decided in favor of the Petitioner. ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny Petitioner's habeas petition." *Id.*

Because nothing distinguishes Bishar Amhed A.'s case from those the Court has previously decided, the Court concludes that Bishar Ahmed A. is entitled to a bond hearing under Section 1226(a).

2

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Bishar Ahmed A.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Court **DECLARES** that Bishar Ahmed A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

    b. The Government is ordered to provide Bishar Ahmed A. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 26, 2026.

    c. If the Government does not provide Bishar Ahmed A. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

    d. No later than January 27, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Bishar Ahmed A.'s release.

Dated: January 18, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge